[File No. 6312.]

STATE OF NORTH DAKOTA, Plaintiff, v. NICK KAMBITZ and
Barbara Kambitz, Alleged Dependent and Neglected Children, et
al.
McHENRY COUNTY, Appellant, v. PIERCE COUNTY, Respond-
ent.

(258 N. W. 116.)

Opinion filed December 18, 1934.

*Nels G. Johnson,* for appellant.

*L. R. Nostdal,* State's Attorney, for respondent.

Burr, Ch. J. These proceedings were begun in the juvenile division of the district court on behalf of dependent and neglected children, hence the title; but the case resolves itself into a controversy between McHenry county and Pierce county as to liability for the support of the minor children. The matter was submitted to the district court of McHenry county, a judgment was rendered finding McHenry county liable, and McHenry county has appealed.

The controversy resolves itself into a question of law, primarily and the interpretation of chapter 97 of the Session Laws of 1933, and laws amended thereby.

Nick and Barbara Kambitz are minor children of Henry Kambitz, and aged nine and five years, respectively. Their mother died in 1931. At that time Henry Kambitz with his wife and children resided at Karlsruhe in McHenry county. Frank Kambitz and wife are residents of Karlsruhe in McHenry county and after the death of the mother the children were placed with Frank Kambitz and wife for care and support.

Under a contract made by the trustees of the village of Karlsruhe on account of the indigency of the father the village paid Frank Kambitz the sum of twenty dollars per month for the care and education of the children. These payments were maintained for three months, beginning in July, 1931. Frank Kambitz is a brother of Henry Kambitz and Henry lived with his brother while the children were there, remaining at his brother's place until November, 1931. At this time he left, taking his clothes and has moved from place to place seeking work. For a portion of the time since then he has lived with a farmer in Pierce county, having some of his children with him—brothers and sisters of the chil-

dren involved here. The children involved here have always lived in McHenry county.

Again, beginning with the month of July, 1932, and for a period of four months, the village of Karlsruhe paid to Frank Kambitz the sum of ten dollars for the support of the children. During the months of February, March, April and May of 1933 the county of McHenry paid to Frank Kambitz the sum of ten dollars per month for the support and maintenance of the children. This action was commenced within a year subsequent to the time of the last payment. The record also shows that during all of the time mentioned Henry Kambitz was indigent, though he did not receive money for himself personally nor for members of his family other than the children involved.

It is the claim of McHenry county that though money was furnished by McHenry county for the support of the children, none was furnished for the support of the father; that the father removed from McHenry county in November 1931, and has never been a resident of the county since; that the payments made under the provisions of the juvenile law for the support of the two children involved are not to be considered as money paid under the poor relief laws; that the residence of the children follows that of the father; that the record shows the father is a resident of Pierce county and therefore Pierce county is liable for the support of the children.

The payments made by the village of Karlsruhe, McHenry county, were not paid under any order of the court in juvenile proceedings. They were paid by the authorities on the assumption that the father was too poor to support his family. The money was paid to the father for the support of the children, even though it may not have passed through his hands physically. It is the duty of the father to support his children (§ 10 of said chapter) and in case he is unable to do so it is the duty of the public to assist.

While the father was a resident of McHenry county he was receiving support from the public for poor relief. Section 4 of said chapter 97 defines "residence" or "settlement" for poor relief purposes and provides in subdiv. 6: "Each residence when once legally acquired shall continue until it is lost or defeated by acquiring a new one in this state, or by voluntary absence from the county in which such residence had obtained for one year or more; . . . provided, that if within a year

of such removal the county of former residence shall contribute to the poor relief of such person in the county to which he or she shall have moved, such absence from the county of former residence shall not be construed to be voluntary as that term is used in this Act."

Consequently the "residence" of the father and his family so far as poor relief is concerned, was fixed and remained fixed for a period of one year from the time he ceased to get support; irrespective of the physical presence in some other county or acts on his part which would indicate an intent to change his residence. Thus, no matter where he lived within the state, so long as he was receiving aid from the public, and for a period of one year thereafter the county of his "residence" or more properly speaking his "settlement" continued to be McHenry county.

Receiving aid under the poor relief law is not confined to the aid for the support of the father himself personally. Support furnished to him for his family is aid to the pauper himself. Hence it is immaterial where the father physically resided so far as the support of his children is concerned. There never was a time, since the initiation of help, that McHenry county had failed for one year to support the members of his family. Under the provisions of the law this "residence" or "settlement" continues for one year from the time the county contributes "to the poor relief of such person in the county to which he or she shall have moved." Section 4, subd. 6, chapter 97, Session Laws 1933 and laws amended thereby.

It is true Henry Kambitz absented himself from McHenry county and ordinarily if he remained in Pierce county for a year the liability of McHenry county would cease. But said subd. 6 specifically states that "if within a year of such removal the county of former residence shall contribute to the poor relief of such person in the county to which he or she shall have moved, such absence from the county of former residence shall not be construed to be voluntary as that term is used in this Act." There could be no "voluntary" absence so as to charge Pierce county with his poor relief, as long as McHenry county contributed to his poor relief.

Henry Kambitz was in Pierce county; McHenry county contributed to his poor relief by supporting his children and so contributed to his relief in the county to which he removed even if the children were not

there. Had the children been with him in Pierce county the liability of McHenry county would still be continued because of its contribution. The liability is no less because of the physical presence of the children in McHenry county. The liability is predicated on the support given the father, the head of the family. Section 4, chapter 97, Session Laws 1933 at subd. 2 states: "Legitimate children shall follow and have the residence of their father" but this means the residence for poor relief. The law is dealing with poor relief, and for this poor relief his "settlement" was in McHenry county. This support being furnished within a year from his removal from McHenry county, and no lapse of a year occurring between periods in which relief was furnished, such absence from McHenry county is not a voluntary absence under the poor relief law. The district court was correct in holding McHenry county liable for poor relief furnished to Henry Kambitz—the poor relief taking the form of support of the children involved herein. The judgment is affirmed.

CHRISTIANSON, MOELLRING, NUESSLE and BURKE, JJ., concur.